IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONNIE E. JOHNSON/ & TRUST                                                      PLAINTIFF

v.                                        CASE NO.07-mc-0006

THE SENTINEL RECORD, INC., et al,                                               DEFENDANTS

JUDGMENT

Before the Court is the Motion for Leave to File Complaint (Doc. 1) and Motion to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff proffered a complaint, which was construed by the court as a Motion for Leave to File Complaint. The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, recommends the denial of said motions in his Report and Recommendation submitted to this court on May 25, 2007(Doc. 7). Plaintiff has filed objections to Judge Bryant's Report and Recommendation. Pursuant to 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review. For the following reasons, the court finds that Plaintiff's objections are to be OVERRULED, the Report and Recommendation adopted in toto.

This case is Plaintiff's sixth attempt to litigate issues surrounding his termination of employment with Defendant the Sentinel-Record. Pursuant to the Order of this court dated February 14, 2004, in one of Plaintiff's previous cases, *Johnson v. Emerson et al.*, case No. 6:03-cv-6029 (Doc. 51), Plaintiff was instructed not to file any action arising from his employment or discharge with the *Sentinel-Record* without leave of court. Despite that Order, on March 30, 2007, Plaintiff tendered a new complaint to the clerk without seeking leave to file said complaint. The clerk, in accordance with the February 14, 2004 Order, accepted but did not file the complaint. Magistrate Judge Bryant directed the clerk to file the complaint and docket it as a Motion for Leave to File

Complaint on April 30, 2007.

Plaintiff was given notice that Magistrate Judge Bryant was considering recommending sanctions because of his failure to comply with the February 14, 2004 Order. On May 16, 2007, at a hearing before Magistrate Judge Bryant, Plaintiff was allowed an opportunity to explain why sanctions should not be appropriate. Plaintiff acknowledged that only two paragraphs of his complaint added any new claims. After review of the complaint and consideration of Plaintiff's explanations, Magistrate Judge Bryant found that Plaintiff abused the judicial process by repeatedly filing or attempting to file civil actions after the same claims against the same defendants had been dismissed by this and other courts. Further, Plaintiff was found to and has violated the direct order of this Court in not seeking leave before filing a subsequent complaint.

Plaintiff has objected to Magistrate Judge Bryant's Report and Recommendations as his new Complaint does not refer to his previous actions but only to acts that began some time after he was terminated from his job with defendants. Plaintiff objects on grounds unrelated to Magistrate Judge Bryant's Report and Recommendation, including arguments that Judge Hendren is the logical choice to hear his case, that his previous Motions should not have been referred to Magistrate Judge Bryant, that he should not be required to seek leave of court to file a complaint, and that evidence was not accepted or his questions answered during the sanctions hearing in front of Magistrate Judge Bryant.

The Court agrees with the findings of the Report and Recommendation filed in this case. The Court has reviewed the proffered complaint and the prior orders entered in the previous actions filed by the Plaintiff and finds Plaintiff in violation of the Order of February 14, 2004. The Court further finds that the sanction of requiring Plaintiff to seek leave of court prior to filing a suit based on his past dealings with the *Sentinel-Record* was not effective and stronger sanctions should be imposed to prevent future abusive filings by the Plaintiff.

IT IS THEREFORE ORDERED that the Motion for Leave to File Complaint (Doc. 1) and Motion to Proceed *In Forma Pauperis* (Doc. 2) filed herein by the Plaintiff are in all respects DENIED and this matter is DISMISSED with prejudice.

IT IS FURTHER ORDERED as follows: (1) The clerk is directed not to accept any application or pleading from Plaintiff wherein he is seeking leave to proceed in forma pauperis in any matter arising out of his employment and discharge form the Sentinel- Record or litigation resulting therefrom; and (2) the clerk is directed to return to Plaintiff any pleading arising out of his employment and discharge from the Sentinel-Record or litigation resulting therefrom.

Nothing in the Court's order prohibits Plaintiff from proceeding as a proponent in any civil claim in this Court, provided he is represented by an attorney admitted to practice in this Court. Further, nothing in the Court's order prohibits the Plaintiff from seeking to proceeding forma pauperis in any action which does not arise from his employment or discharge from the *Sentinel-Record*, or litigation resulting therefrom.

**The Plaintiff is cautioned that further attempts to file an action or otherwise litigate a claim which arises from any employment or discharge from the Sentinel-Record, or litigation resulting therefrom may result in more severe sanctions being imposed, including but not limited to monetary sanctions and the initiation of civil or criminal contempt proceedings.**

IT IS SO ORDERED.

Dated: July 30, 2007

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge